| | |
|---|---|
| District Court, County of El Paso, State of Colorado<br>Court Address:  270 South Tejon, P.O. Box 2980<br>Colorado Springs, CO  80901 | |
| Plaintiff(s):<br><br>A███ R███, by her next friend, PATRICIA A. PACETTI,<br><br>v.<br><br>Defendant:<br><br>**THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah Corporation sole a/k/a the MORMON CHURCH and DAVID SCOTT FRANK.** | **EFILED Document**<br>**CO El Paso County District Court 4th JD**<br>**Filing Date: Jul 24 2012  9:11AM MDT**<br>**Filing ID: 45506353**<br>**Review Clerk: Rachael Maestas**<br><br>▲ COURT USE ONLY ▲<br><br>Case #:<br><br>Div.: |
| Attorneys for Plaintiff:<br>Michael R. Waters, Reg. #10745<br>David L. Geislinger, Reg. #15008<br>JONES, WATERS & GEISLINGER & SEYMOUR, LLC<br>707 South Tejon, Ste. 200<br>Colorado Springs, CO  80903<br>Phone Number:  (719) 633-6303<br>FAX Number:  (719) 577-4887<br>E-mail: anna@jwglawfirm.com<br>dave@jwglawfirm.com | |

## COMPLAINT

COMES NOW, the Plaintiff, by and through her next friend, Patricia A. Pacetti, and her attorneys JONES, WATERS, GEISLINGER & SEYMOUR, L.L.C., by Michael R. Waters and David L. Geislinger, and hereby states and alleges as follows:

### GENERAL ALLEGATIONS AND PARTIES

1. Plaintiff is a minor and is the daughter of Patricia A. Pacetti, and at all times relevant hereto resides at 11590 Peaceful Valley Road, Colorado Springs, CO 80925.

2. Defendant, David Scott Frank, at all times relevant hereto resided at 6835 Cliff Palace Court, Colorado Springs, CO 80911.  He now resides in Las Vegas, Nevada.

1

3. Defendant, Corporation of the President of the Church of Jesus Christ of Latter Day Saints a/k/a The Mormon Church operates its worldwide affairs as The Corporation of the President of the Church of Jesus Christ of Latter Day Saints and Successors, a Utah Corporation sole.

4. The Corporation of the President of the Church of Jesus Christ of Latter Day Saints and Successors is a corporation governed by a single individual, the President of the Mormon Church. The President wields ultimate and absolute authority in the Mormon Church. The President of the Mormon Church, Thomas S. Monson, is the "divine prophet, seer and revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will. The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes. As such, the President of the Church has the authority to dictate changes in Church policy, discipline ecclesiastical doctrine or anything else he chooses. The acts of the President in his capacity as the head of the Mormon Church are the acts of the Corporation of the President of the Church of Jesus Christ of Latter Day Saints and Successors.

5. The Corporation of the President of Jesus Christ of Latter Day Saints and Successors (hereafter referred to as the Mormon Church) is registered to do business within and conducts continuous activities within the state of Colorado.

6. The Mormon Church through a multi-level structure follows a strict hierarchical form. At the local level are wards, consisting of a geographic area administered by a bishop and two counselors which comprise the governing Bishopric. A cluster of 8-12 wards are grouped into a stake, which is administered by a stake president. Stakes are, in turn, grouped into areas which are administered by an area president. (All bishops, stake presidents and area presidents are answerable, directly or indirectly, to the Mormon Church and are its agents and servants.) The wards, stakes and areas of the Mormon Church are instruments of the Corporation of the President of the Church of Jesus Christ of Latter Day Saints and are not separate corporate entities.

7. At all relevant times herein the president delegates authority to Bishop Todd Miller and Bishop Todd Miller delegates authority to David Scott Frank. Todd Miller served as the bishop of the Eighth Ward located at 325 Putnam Drive, Colorado Springs, CO 80911.

8. At all relevant times herein, David Scott Frank was a member of the Eighth Ward and his calling was that of a Sunday school teacher for the 13 to 15 year old youth class.

9. When a calling is issued, the rest of the congregation, usually during Sacrament Meeting sustains or supports that person in his particular calling. In this

case the members of the Eighth Ward sustained David Scott Frank as a Sunday school teacher.

10. At the time David Scott Frank served as a Sunday school teacher in which Plaintiff was a student, he possessed a criminal history of acts within the Colorado Springs area of domestic violence in both 1998 and 2002, felony menacing in 2000, harassment 2001 and kidnapping in 2001. More recently he was charged with violations of protective orders on three different occasions between 2005 and 2008. If the Mormon Church had done an inexpensive, basic background check it would have known of Frank's criminal history.

11. At all times in which David Scott Frank served as a Sunday school teacher for the Eighth Ward, he acted as an agent of the Mormon Church and was subject to the control and discipline of the Mormon Church.

## JURISDICTION AND VENUE

12. The subject matter hereof and parties hereto are subject to the jurisdiction of the El Paso County District Court, state of Colorado and the appropriate venue is within El Paso County, Colorado.

## STATEMENT OF FACTS

13. Those who adhere to the Mormon faith have been baptized through the Church are known as members. The Church has the power to limit or restrict the capacity in which any member serves the Church and may place such conditions on a member as may be in the interest of the Church and of its members and prospective converts.

14. Adult male members of the Church are eligible to be ordained as priest. There are various levels of priesthood, a rank above priesthood is that of bishop, who may have counselors appointed who are deemed to be morally worthy and deserving of the trust of the Church's members.

15. At all relevant times the Mormon Church assumes special responsibility towards its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

16. In the early part of 2010, the minor Plaintiff was welcomed into the Eighth Ward as a possible convert. She was placed in a Sunday school group held for 13 to 15 year old children. At the same time, David Scott Frank was allowed to facilitate and monitor the 13 to 15 year old Sunday school group at the Eighth Ward.

17. During much of the time in which David Scott Frank facilitated and monitored the Sunday school group as described above, he conducted the classes

alone and without supervision of another member. During the time in which David Scott Frank facilitated the Sunday school class, which Plaintiff was a student, he exchanged notes on Eighth Ward bulletins with Plaintiff and later began exchanging texts and photographs of himself.

18. Both before and during Mr. Frank's pursuit of his calling that was sustained by the membership in teaching Sunday school, a background check was not made of his past criminal behavior. Even his suitability for teaching children between the ages of 13 and 15 years old was never evaluated or monitored.

19. Mr. Frank first recruited and then groomed Plaintiff to a sexual relationship. Mr. Frank eventually engaged in several incidents in which he participated in both oral and vaginal intercourse with the minor Plaiontiff. David Scott Frank was 40 years old at the time and the Plaintiff was 15 years of age.

20. The relationship between David Scott Frank and Plaintiff ended in the spring of 2010 after Plaintiff realized that Mr. Frank had been using her only for sexual purposes and had lied to her about his engagement to the woman who he later married.

21. When the minor Plaintiff informed her mother and father of this relationship several months after it came to an end, sexual assault charges were filed in El Paso County, which eventually led to Mr. Frank's plea of guilty to C.R.S. §18-3-405.3.

22. Only after the criminal charges were pursued against David Scott Frank did Bishop Todd Miller become aware of the recruiting and grooming process conducted by one of his Sunday school teachers.

### First Claim for Relief Against David Scott Frank
### (Battery)

23. Plaintiff incorporates all paragraphs of the Complaint as if fully set forth herein.

24. The Defendant David Scott Frank's acts resulted in physical contact with the Plaintiff

25. The Defendant, David Scott Frank, intended to make harmful and offensive physical contact with the Plaintiff

26. The contact was harmful and offensive.

## Second Claim for Relief as against David Scott Frank
## (Negligent Infliction of Emotional Distress)

27. Plaintiff incorporates all paragraphs of the Complaint as if fully set forth herein.

28. The Defendant, David Scott Frank, was negligent per se by his violation of C.R.S. §18-3-405.3.

29. The Defendant, David Scott Frank's negligence created an unreasonable risk of harm to the Plaintiff.

30. David Scott Frank's negligence caused harm and was offensive, thereby causing emotional disturbance and distress to the Plaintiff.

## Third Claim for Relief against the Mormon Church
## (Negligent Hiring)

31. Plaintiff incorporates all paragraphs of the Complaint as if fully set forth herein.

32. The Defendant, the Mormon Church, was negligent in employing or appointing David Scott Frank for the task of teaching Sunday school to a group of 13 to 15 year old members and prospective members.

33. When David Scott Frank was acting as a Sunday school teacher for the Mormon Church, he was acting as an agent for the Mormon Church.

34. In addition, the Mormon Church conducted no background inquiry of David Scott Frank's past behavior before it appointed him to the Sunday school task and confirmed his calling to teach the youth group.

35. Throughout the time period in which David Scott Frank was acting as a Sunday school teacher with the approval of the Church, he was under the control of the Church and the Church had the right to control his activities as Sunday school teacher.

36. Throughout David Scott Frank's sustained calling, he acted alone and without any supervision by another member or superior.

37. The Mormon Church was negligent in placing David Scott Frank in a position in which he was an improper person for the task that involved a risk to others, including this minor Plaintiff

38. The Mormon Church in conducting its Sunday school activity through David Scott Frank is liable for the negligent supervision of him in his capacity as a

Sunday school teacher when his conduct subjected third parties to an unreasonable risk of harm.

### Fourth Claim for Relief against the Mormon Church
### (Negligent Supervision)

39. Plaintiff incorporates all paragraphs of the Complaint as though fully set forth herein.

40. The Defendant, the Mormon Church, was negligent in supervising David Scott Frank for the task of teaching Sunday school to a group of 13 to 14-year-old members and prospective members.

41. When David Scott Frank was acting as a Sunday school teacher for the Mormon Church, he was acting as an agent for the Mormon Church.

42. In addition, the Mormon Church conducted no background inquiry of David Scott Frank's past behavior before it appointed him to the Sunday school task and confirmed his calling to teach the youth group.

43. Throughout the time period in which David Scott Frank was acting as a Sunday school teacher with the approval of the Church, he was under the control of the Church and the Church had the right to control his activities as Sunday school teacher.

44. The Mormon Church in conducting its Sunday school activity through David Scott Frank is liable for the negligent supervision of him in his capacity as a Sunday school teacher when his conduct subjected third parties to an unreasonable risk of harm.

### Fifth Claim for Relief against the Mormon Church and David Scott Frank
### (Breach of Fiduciary Duty)

45. Plaintiff incorporates all paragraphs of the Complaint as if fully set forth herein.

46. The Mormon Church and David Scott Frank were acting as fiduciaries of the Plaintiff with respect to providing religious instruction and creating a setting for interaction that creates trust and reliance.

47. The Mormon Church and David Scott Frank breached the fiduciary duty the Plaintiff.

48. The Plaintiff has incurred injuries, damages and losses as a result of this breach of fiduciary duty and the Defendant's breach of the fiduciary duty was a cause of Plaintiff's injuries, damages and losses.

### Sixth Claim for Relief
### (Outrageous Conduct against the Mormon Church and David Scott Frank)

49. The Defendants engaged in extreme and outrageous conduct.

50. The Defendants did so recklessly or with the intent of causing the Plaintiff severe emotional distress.

51. The Defendants' conduct caused the Plaintiff severe emotional distress.

### Damages

52. As a direct and proximate result of the wrongful acts of the Defendants, Plaintiff has suffered serious and continuing physical and emotional harm.

53. As a proximate result of the aforementioned acts, Plaintiff has sustained past, general and special damages including but not limited to the following damages:

Past, present and future continuing physical and psychological Injury.

Past, present and future Impairment.

Medical bills, psychological treatment bills, and various therapy bills as well as other related expenses for past and future treatment.

WHEREFORE, Plaintiff prays that this Court enter a judgment against the Defendant for her damages, interest, costs and whatever damages the Court may deem appropriate.

Respectfully submitted this 24th day of July, 2012.

JONES, WATERS, GEISLINGER & SEYMOUR, L.L.C.

[Duly signed copy at the law office of Jones, Waters Geislinger & Seymour, L.L.C.]

Michael R. Waters, #10745
David L. Geislinger, #15008

**Plaintiff's Address:**
11590 Peaceful Valley Road
Colorado Springs, CO 80925