## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02197-PAB

A.R., by her next friend, PATRICIA A. PACETTI,

     Plaintiff,

      v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole a/k/a the MORMON CHURCH

and DAVID SCOTT FRANK,

     Defendants.

---

### DEFENDANT CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF DR. LARRY SHORES AS AN EXPERT WITNESS

---

Plaintiff designated Dr. Larry Shores as an unretained expert that is expected to give trial testimony that is subject to Rule 702 of the Federal Rules of Evidence. Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("the Church" or "LDS Church"), moves to compel Plaintiff to produce Dr. Shores for a deposition or, alternatively, to strike the designation of Dr. Larry Shores as an expert witness and preclude him from testifying as an expert at trial.

#### CONFERRAL PURSUANT TO D.C.COLO.LCIVR 7.1

Pursuant to Local Rule D.C.COLO.LCivR 7.1.A, undersigned counsel conferred with Plaintiff's counsel and Plaintiff objects to relief requested herein. Defendant David Scott Frank does not oppose this Motion.

#### BACKGROUND

Plaintiff designated Dr. Larry Shores of Cedar Springs Hospital as an expert witness with the following description of his testimony:

2004231638_1

Dr. Shores' subject matter of testimony will entail his care and treatment of A.R. at Cedar Springs Hospital in 2011 while she was a patient at Cedar Springs Hospital, Colorado Springs, CO. The nature and extent of his information, treatment and opinions are included in the treatment records that were previously provided in the Rule 26 Disclosure of October 12, 2012 ….

Dr. Shores' deposition was noticed for May 22, 2013. The Church's counsel spoke with Dr. Shores by telephone and told him of the date, time, and place of the deposition. Dr. Shores responded that his lawyer would be in contact for the purpose of accepting service of a subpoena. The lawyer did not call.

Attempts to serve a subpoena on Dr. Shores were unsuccessful. As detailed in the Affidavit of Due Diligence of Tom Pitts (attached hereto as Exhibit A), 22 attempts were made to serve Dr. Shores at his place of work. The process server was told that Dr. Shores was not there, even though his vehicle was in the parking lot. Twelve attempts were made to serve Dr. Shores at his home. On several occasions, no one answered the door despite the observation that there were occupants in the house. The process server's conclusion is that Dr. Shores is clearly trying to evade service.

Not surprisingly, Dr. Shores did not appear for the scheduled deposition. The following was placed on the record:

Mr. Goldberg: Following Mr. Isenstadt's deposition, we had noticed Dr. Larry Shores' deposition. Mr. Waters warned me that it would be necessary to subpoena him because he did not have authority or control to produce him. And I took him at his word, issued a subpoena to Dr. Shores, and he has not appeared. He has not been served. And I believe that he has been intentionally avoiding service, and we will take that up with the court at some later time if we deem it necessary.

Mr. Waters: That is correct. I do not have any power or ability to have Dr. Shores appear for this deposition, and I wasn't in contact with him for that

purpose beforehand.  In fact, I had to subpoena him just to get his resume, which I
obtained by a subpoena to produce.

## **ARGUMENT**

"[A] party must disclose to the other parties the identity of any witness it may use at trial

to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P.

26(a)(2)(A).  Because Dr. Shores was not "specially employed to provide expert testimony," he

was not required to provide a written report.  Id. 26(a)(2)(B).  This means, however, that Plaintiff

was required to set forth in her disclosures not only the subject matter of his testimony, but "a

summary of the facts and opinions to which the witness is expected to testify."  Id. 26(a)(2)(C).

Plaintiff's disclosures point the Church to Dr. Shore's file but do not set forth a summary of the

facts and opinion he is expected to offer.

Additionally, Rule 26(a)(4)(A) gives the Church the right to depose Dr. Shores.  "A party

may depose any person who has been identified as an expert whose opinions may be presented at

trial."  Id. 26(a)(4)(A).  The Church attempted to subpoena Dr. Shores to appear at a deposition

but he evaded service of the subpoena and failed to appear, notwithstanding verbal notice of the

date, time, and location of the deposition.

The Church has the right to depose Dr. Shores.  The very structure of "Rules 26(a) and

(b) recognize that being forced to cross-examine an opposing expert without the benefit of a

meaningful opportunity to depose him puts a party at a substantial disadvantage."  Brooks v.

Price, 121 Fed. Appx. 961, 965 (3d Cir. 2005) ("We find no abuse of discretion on the part of the

District Court in deciding that the exclusion of testimony from Dr. Hameli was the only

reasonable way to avoid .. prejudice ….").  This is true also of unretained experts, such as

treating physicians.  See Compagnie Des Bauxites De Guinee v. Three Rivers Ins. Co.,

2004231638_1

2:04CV393, 2007 WL 403915 (W.D. Pa. Feb. 1, 2007) (ordering defendant to produce designated experts for depositions even though they were not specially retained and were not required to submit reports). The right to depose an unretained expert is particularly important "because of the absence of a report." Musser v. Gentive Health Services, 356 F.3d 751, 758 (7th Cir. 2004). Without the opportunity to depose him, the Church cannot create the foundation for a possible Daubert motion and the Court will be unable to conduct its necessary "gatekeeping" function under Daubert v. Merrell Dow Pharms, Inc., 509 U.S. 579 (1993).

"Federal courts have the inherent power to disqualify experts[.]" Koch Ref. Co. v. Jennifer L. Boudreau M/V, 85 F.3d 1178, 1181 (5th Cir. 1996). Nevertheless, excluding an expert witness "is a drastic sanction." Summers v. Missouri Pacific Railroad System, 132 F.3d 599, 604 (10th Cir. 1997). Therefore, because Plaintiff has proffered Dr. Shores as an expert witness, pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Church requests an order compelling Plaintiff to produce Dr. Shores for a deposition within 15 days. If Plaintiff cannot procure Dr. Shore's presence at a deposition, the Church requests that his designation as an expert witness be stricken and that he not be allowed to offer expert testimony at trial.[1]

---

[1] Regardless of whether Plaintiff can produce Dr. Shores for a deposition, because he did not submit a report his testimony at trial cannot go beyond his factual observations and description of his treatment. "It is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required. Thus, a written report is appropriate when a treating physician intends to offer testimony at trial with regard to the applicable standard of care." Harvey v. United States, 2005 WL 3164236 *8 (D. Colo. Nov. 28, 2005) report and recommendation adopted sub nom. Estate of Harvey, ex rel. Grace v. United States, 2006 WL 2505850 (D. Colo. Aug. 28, 2006). "A treating physician who has formulated opinions going beyond what was necessary to provide appropriate care for the injured party steps into the shoes of a retained expert for purposes of Rule 26(a)(2)." Thomas v. Consolidated Rail Corp., 169 F.R.D. 1, 2 (D. Mass. 1996). In short, a treating physician or psychiatrist can testify

2004231638_1

## CONCLUSION

Plaintiff may bear no fault for Dr. Shore's evasion and refusal to appear for a deposition, but it is Plaintiff who has proffered Dr. Shores as an expert witness. Accordingly, Plaintiff should be compelled to procure Dr. Shores' attendance at a deposition. If the Church is not given the opportunity to depose him, his designation as an expert should be stricken and he should not be allowed to offer expert testimony at trial.

DATED this 5th day of June, 2013.

_s/ Charles Goldberg_
Charles Goldberg
L. Martin Nussbaum
ROTHGERBER JOHNSON & LYONS LLP
1200 17th Street, Suite 3000
Denver, CO 80202
(303) 623-9000
cgoldberg@rothgerber.com
mnussbaum@rothgerber.com

_Attorneys for Defendant The Corporation of the President of the Church of Jesus Christ of Latter-day Saints_

---

"to the fact of their examination, diagnosis and treatment of a patient," but cannot offer opinions that are not "a necessary part of the treatment of the patient," such as opinions about the need for future care or the cause of the patient's injuries. Baker v. Taco Bell Corp., 163 F.R.D. 348, 349 (D. Colo. 1995). "If a treating physician offers expert testimony concerning matters which are not based on his or her observations during the course of treating the party designating them, however, an expert report which complies with the requirements of Rule 26(a)(2)(B) is required." Washington v. Arapahoe County Dept. of Social Services, 197 F.R.D. 439, 442 (D. Colo. 2000).

2004231638_1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following addresses:

Michael R. Waters, Esq.
David L. Geislinger, Esq.
JONES, WATERS, GEISLINGER & SEYMOUR, LLC
707 South Tejon, Ste. 200
Colorado Springs, CO  80903

David S. Chipman, Esq.
CHIPMAN GLASSER LLC
Tower 1, Suite 7500
2000 South Colorado Boulevard
Denver, CO 80222

*s/ Charles Goldberg*
Charles Goldberg

2004231638_1