IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

A.R., by her next friend, Patricia a. Pacetti, Plaintiff(s)

v

The Corporation of the President of the Church of Jesus Christ of Latter Day Saints, aka The Mormon Church and David Scott Frank, Defendant(s)

Attorney for Defendant(s):
Charles Goldberg, Atty. Reg. #1971
*ROTHGERBER, JOHNSON & LYONS, LLP*
1200 17th Street, Suite #3000
Denver, CO 80202
Phone: (303) 623-9000
Fax: (303) 623-9222
Email: *cgoldberg@rothgerber.com*

▲ COURT USE ONLY ▲

Case No.: 2012-cv-02197-PAB

United States District Court for the District of Colorado

Division:          Courtroom:

## AFFIDAVIT OF DUE DILIGENCE OF TOM PITTS

Today's date is May 21, 2013.

The Affiant, **TOM PITTS**, first being duly sworn, deposes and avers under penalty of perjury as follows:

1. My name is Tom Pitts. I am employed by The Delta Company of Colorado Springs, Colorado. I am over the age of eighteen, not a party to the above described matter, nor do I have any personal interest in the cause of action captioned. It is further sworn that all statements are true and correct to the best of my knowledge. At all times I am a resident of El Paso County Colorado in the city of Colorado Springs.

2. On Thursday, May 9, 2013 I began a series of twenty-two total attempts to serve a subpoena duces tecum to the witness, Dr. Larry E. Shores. I began my attempts at his known employment location, Cedar Springs Hospital located at 2135 Southgate Road, Colorado Springs, CO 80906. Additional attempts at this location were executed during business hours on May 10, 13, 14, 15, 16, 17 and the 20th. This effort included two attempts on the 14th and two attempts on the 17th at the employment location. All attempts were to no avail. During each attempt at the work location, I encountered the receptionist(s) at the front desk entrance and I was told that Dr. Shores was, "not on campus" at the time of my service attempts. I was also told that he had not been seen on campus, nor was he answering pages by the receptionist. During an attempt on May 14th, I left a hand written message for Dr. Shores with the receptionist requesting that Dr. Shores contact me by phone in order to arrange a convenient time for him to receive the service along with a witness fee check. That request was wholly ignored by Dr. Shores. During my final attempt at his work location on May 20th @ 0900 hours I was told the same thing; Dr. Shores had not been on campus, nor would he answer his multiple pages. However, as I exited the premises, I observed one of his vehicles parked on campus. This vehicle is a 2005 Toyota Tacoma pick-up truck bearing Colorado license plates #681 LDX and it is registered to Dr. Shores. Although I was told that Dr. Shores was not on campus, his dark red Toyota Tacoma pick-up truck was parked on campus indicating that I was being misled by Dr. Shores staff at Cedar Springs Hospital.

**EXHIBIT A TO MOTION TO STRIKE DR. LARRY SHORES**

*RE: A.R. next friend Patricia Pacetti v Corp of President of Church of Latter Day Saints, et al.*
*(page two)*
    *12-cv-02197 In the United States District Court for the State of Colorado*

    3.  During the same time frame, I also conducted twelve service attempts at Dr. Shores known residential address of, 15570 Pineneedle Court in Monument, Colorado. On two occasions I encountered Dr. Shores spouse, Mrs. June D. Shores. On both of those occasions, Mrs. Shores stated that she didn't know where her husband was, or when he was expected to return home. She was not forthcoming with any information regarding what would be the best time to make contact with him at the residence. Accordingly, I made my attempts during all times of the day. I attempted in the morning, weekdays and evenings and over two weekends on both Saturdays and Sundays. During all but one attempt, I did not receive any answer at the front door entrance to the residence despite the observation that there were occupants present inside the residence. I had encountered Mrs. Shores in the late morning of May 15th in the driveway of the residence that day when she stated she had no idea when Dr. Shores might be available.

    4.  After an attempt earlier on Thursday, May 15th, I set up static surveillance near the corner of Middlegate Lane and Pineneedle Court that afternoon @ 1615 hours. I discontinued surveillance @ 1830 hours. Dr. Shores had not returned to the residence by that time.

    5.  On May 17th @ 1325 hours, I also attempted to effectuate service at another property owned by Dr. Shores. I located a residential address of 2635 Pine Knoll View; Colorado Springs, CO 80920. However, I was informed by an elderly lady at that address that Dr. Shores was not presently at this location and that he did not reside there, even on a temporary basis. She shooed me away from the property ordering me not to return there. I believe that this might have been a relative of Dr. Shores.

    6.  Clearly, I was left with the realization that Dr. Shores was not forthcoming to accept service of the subpoena duces tecum. He is evading this service by using his staff at the hospital and his spouse at the residence to run interference for him. I expect that the only way to effect service upon Dr. Shores is to set up an extended time of surveillance to catch him coming, or going to or from the hospital, or residential location. Further, I expect that he will not willingly accept hand to hand service and will have to be served by refusal.

    Further, affiant sayeth naught.

Signed: _____ 5/21/13
Tom Pitts, Director and Senior Investigator
**THE DELTA COMPANY**
PO Box 10304
Colorado Springs, CO 80932
(719) 633-4898
Toll free (800) 882-4898
Email ~ ***thedeltaco@qwestoffice.net***

STATE OF COLORADO  )
                       ) ss
COUNTY OF   EL PASO  )

    SUBSCRIBED AND SWORN to before me this __21st__ day of __MAY__, 2013 by Tom Pitts in El Paso County Colorado.

_____
Notary Public

REBECCA S TURNER
NOTARY PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES 2/02/2013