IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02197-RM-KLM

A.R., by her next friend,
PATRICIA A. PACETTI,

    Plaintiff,

v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, also known as Mormon Church, and DAVID SCOTT FRANK,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on a **Motion to Strike Plaintiff's Designation of Dr. Larry Shores as an Expert Witness** [Docket No. 39; Filed June 5, 2013] (the "Motion") filed by Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("LDS"). On June 21, 2013, Plaintiff filed a Response [#45] in opposition to the Motion. On July 3, 2013, Defendant LDS filed a Reply [#46]. The Court has reviewed the pleadings, the exhibits, the entire case file and the applicable law, and is fully advised in the premises. For the reasons set forth below, the Motion [#39] is **GRANTED in part** and **DENIED in part.**

### I. Summary of the Case

The Court incorporates by reference the case background stated in the Order issued on September 30, 2013 [#67]. In the instant Motion, pursuant to Rules 26 and 37 of the

1

Federal Rules of Civil Procedure, Defendant LDS moves to compel Plaintiff to produce Dr. Larry Shores ("Dr. Shores") for a deposition or, alternatively, to strike the designation of Dr. Shores as an expert witness and preclude him from testifying as an expert at trial. Defendant David Scott Frank does not oppose this Motion.  *Motion* [#39] at 1.

According to Defendant LDS, Plaintiff designated Dr. Larry Shores of Cedar Springs Hospital as an expert witness, alleging that "Dr. Shores' subject matter of testimony will entail his care and treatment of A.R. at Cedar Springs Hospital in 2011 while she was a patient at Cedar Springs Hospital, Colorado Springs, CO."  *Motion* [#39] at 2 (no citation provided).  Plaintiff also asserted that "the nature and extent of his information, treatment and opinions [were] included in the treatment records that were previously provided in the Rule 26 Disclosure of October 12, 2012."  *Id.* (no citation provided).  The Scheduling Order proposed by the parties and entered by the Court made clear that Plaintiff expected to certify experts in the fields of "general practice medicine . . . psychiatry or psychology [and] other fields as plaintiff may designate."  *Scheduling Order* [#23] at 10.  Neither party has provided Dr. Shores's records or Plaintiff's Rule 26(a)(2)(C) disclosures for the Court's review.  However, Defendant LDS alleges that "Plaintiff's disclosures point the Church to Dr. Shore's file but do not set forth a summary of the facts and opinion he is expected to offer."  *Motion* [#39] at 3.  Plaintiff seems to concede this characterization of the disclosure, explaining that "no special report was disclosed on behalf of Dr. Larry Shores because it was not intended to have him testify beyond the treatment notes maintained by Cedar Springs Behavioral Health Systems."  *Response* [#45] at 1.

Dr. Shores's deposition was noticed for May 22, 2013, and Defendant LDS's counsel informed Dr. Shores by telephone of the time and location.  *Motion* [#39] at 2.  Although Dr.

Shores responded that his lawyer would be in contact for the purpose of accepting service of a subpoena, Defendant LDS never received a call, and was subsequently and repeatedly unable to serve a subpoena on Dr. Shores.  *Id.*; *see Def. LDS Ex. A, Aff. of Due Diligence of Tom Pitts ("Pitts Aff.")* [#39-1] (describing twenty-two attempts to serve Dr. Shores at his place of work and twelve attempts to serve him at his residence).  Dr. Shores did not appear for a deposition.  *Id.*

Defendant LDS argues that Plaintiff's disclosures fail to satisfy the requirements of Rule 26(a)(2)(C) because they do not set forth a summary of the facts and opinions Dr. Shores is expected to offer.  *Id.* at 3.  Defendant LDS concedes that "excluding an expert witness is a drastic sanction," and "requests an order compelling Plaintiff to produce Dr. Shores for a deposition within 15 days."  *Id.* at 4.  "If Plaintiff cannot procure Dr. Shore's presence at a deposition, [Defendant LDS] requests that his designation as an expert witness be stricken and that he not be allowed to offer expert testimony at trial."  *Id.*  In response, Plaintiff alleges that Defendants were warned that it would be necessary to subpoena Dr. Shores to attain a deposition, noting that Plaintiff's counsel did not have the authority to control or produce the witness, and that Plaintiff's counsel had to subpoena Dr. Shores just to obtain his resume.  *Response* [#45] at 2-3.  Plaintiff also suggests that a deposition is unnecessary because Defendant LDS has Dr. Shores's records and "[t]here is no intention to have Dr. Larry Shores testify beyond the content of the records . . . ."  *Id.* at 2.

## II. Analysis

Defendant LDS argues that Fed. R. Civ. P. 26(a)(4)(A)[1] gives it the right to depose Dr. Shores. *Motion* [#39] at 3. "A party may depose any person who has been identified as an expert *whose opinions may be presented at trial.*" Fed. R. Civ. P. 26(b)(4)(A) (emphasis added). Because the plain meaning of the rule requires the threshold inquiry of whether an expert will present his opinions at trial, the Court first addresses Plaintiff's Rule 26(a)(2)(C) disclosures before reaching the question of whether Rule 26(b)(4)(A) requires that Dr. Shores be deposed. *See Grady v. Jefferson Cnty. Bd. of Cnty. Comm's*, 249 F.R.D. 657, 659 (D. Colo. 2008) ("Whether or not a doctor has been retained, as long as they have been identified as a witness who will provide expert opinion testimony, pursuant to Rule 702, they may be deposed.").

Rule 26(a)(2) of the Federal Rules of Civil Procedure explicitly states that "a party *shall disclose* to other parties the identity of *any person* who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence." *See* Fed. R. Civ. P. 26(a)(2)(A) (emphasis added). In the case of a retained expert, "this disclosure *must be* accompanied by a written report" that contains, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) (emphasis added).

The requirements of Rule 26(a)(2)(C) "differ substantially from the more detailed expatiation required of a report provided by a retained expert." *Nicastle v. Adams Cnty.*

---

[1] The Court notes that Defendant LDS's citation is incorrect, and that Defendant LDS is actually citing to Fed. R. Civ. P. 26(b)(4)(A).

*Sheriff's Office ("Nicastle II")*, No. 10-cv-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011). Regardless, "Rule 26(a)(2) disclosure obligations cannot be ignored or dismissed as a mere formality," and while less demanding, these requirements still must be met. *Anderson v. Seven Falls Co.*, No. 12-cv-01490-RM-CBS, 2013 WL 3771300, at *6 (D. Colo. Jul. 18, 2013). If the disclosed expert is a non-retained expert, such as a treating physician, the "*disclosure must state*" the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705, and "a summary of the *facts and opinions to which the witness is expected to testify*." See Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). Because Dr. Shores was a treating physician and not "specially employed to provide expert testimony," he was not required to provide a written report. Fed. R. Civ. P. 26(a)(2)(B); *Trejo v. Franklin*, No. 04-cv-02523-REB-MJW, 2007 WL 2221433, at *1 (D. Colo. Jul. 30, 2007) ("In general, treating physicians do not come within the purview of [the Rule 26(a)(2)(B)] requirement."). This means, however, that Plaintiff was required to set forth in her disclosures not only the subject matter of Dr. Shores's testimony, but "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

In *Nicastle v. Adams County Sheriff's Office ("Nicastle I")*, the plaintiff's designations for four non-retained expert witnesses stated that each of these witnesses would testify as an expert "consistent with all matters raised in his . . . deposition." No. 10-cv-00816-REB-KMT, 2011 WL 1655547, at *3 (D. Colo. Apr. 29, 2011). The transcript of the deposition of each of these witnesses was included with the plaintiff's expert disclosure because the deposition of each witness was taken before they were designated as experts. *Id.* Additionally, the plaintiff's Rule 26 designation gave "no indication of what topics addressed

5

in the full-day depositions of each of these witnesses might be the subject of purported expert testimony." *Id.* The District Judge held that these disclosures did not comply with the requirements of Rule 26(a)(2)(C) because the transcripts of the depositions did not adequately specify the subjects on which the witnesses were expected to present opinion testimony and failed to summarize the opinions to which each witness was expected to testify. According to the *Nicastle I* court, "Rule 26(a)(2)(C) requires specificity much greater than that provided in the plaintiff's designations and the deposition transcript of a day long deposition." *Id.*

In *Nicastle II*, 2011 WL 1674954, at *1, each of the witnesses cited in the defendant's rule 26(a)(2)(C) disclosure was designated to "opine about the propriety of discipline imposed on Nicastle and the adequacy of due process provided to Nicastle." The defendant alleged that these opinions would be based on facts included in "Mark Nicastle's internal affairs investigation files and Mark Nicastle's personnel file." *Id.* There, the Court held that:

> A summary is defined as a brief account that states the main points of a larger body of information. By citing Nicastle's files as a summary of facts, the defendant identifies a large body of detailed information and, thus, fails to provide anything approaching a brief account or statement of the main facts on which his experts will rely. Designation of such a prodigious volume of material does not constitute a summary of the facts to which the witnesses will testify within the meaning and requirements of Rule 26(a)(2)(C). To this extent, the Defendant's Disclosure does not comply with Fed. R. Civ. P. 26(a)(2)(C).

*Id.* Thus, citation to records with no clear indication of what sections will be used or how the facts or opinions will be framed and presented in testimony does not constitute a "summary of the facts and opinions to which the witness is expected to testify" within the meaning and requirements of Rule 26(a)(2)(C)(ii).

Similarly, in *Guara v. City of Trinidad*, the Court held that the plaintiff's expert disclosures did not meet the clear and unambiguous requirements of Rule 26(a)(2)(C), where plaintiff's disclosure merely stated that the witness would testify that "[a]ll of his investigation paperwork, which contained the bases of his expert opinion under applicable law and facts, determined that there was unconstitutional discrimination and [a] hostile work environment concerning the plaintiff as contained in those reports and paperwork." No. 10-cv-02529-WJM-KMT, 2011 WL 5374777, at *1 (D. Colo. Nov. 8, 2011). Rejecting the plaintiff's argument that the report provided to the defendants contained the detailed subject matter on which the expert was expected to testify, the Court held that there was "no indication from the generic and vague disclosure that Plaintiff kn[ew] any of the facts and opinions about which [the expert] would be expected to testify if called as an expert." *Id.*; *see Silver v. Shapiro*, No. 10-cv-01856-CMA-KLM, 2011 WL 1321798, at *3 (D. Colo. Apr. 5, 2011) ("[E]ven if the Court accepts that all seven designated experts are non-retained, Plaintiff's Disclosure fails to satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(C). The Disclosure is perfunctory, and it does not adequately state either (i) the subject matter on which each witness is expected to present evidence, or (ii) a summary of the facts and opinions to which each witness is expected to testify.").

It is clear that Plaintiff's expert disclosures of Dr. Shore's expected testimony do not meet the clear and unambiguous requirements of Rule 26(a)(2)(C), as the parties each indicate that the disclosures rely entirely on Dr. Shore's treatment records to delineate the facts and opinions to which he is expected to testify. *See Nicastle I*, 2011 WL 1655547, at *3; *Nicastle II*, 2011 WL 1674954, at *1; *Guara*, 2011 WL 5374777, at *1; *Silver*, 2011 WL 1321798, at *3. Thus, the Court finds that Plaintiff's Rule 26(a)(2)(C) disclosure

regarding Dr. Shores does not provide an adequate summary of the facts and the opinions to which Dr. Shores will testify.

Some courts have chosen to allow parties to serve a revised expert designation before striking an expert. *See Morris v. Wells Fargo Bank*, No. 09-cv-02160-CMA-KMT, 2010 WL 2501078, at *3 (D. Colo. June 17, 2010) ("[R]ather than striking Plaintiff's expert designations, the court . . . will require Plaintiff to serve revised expert designations[.]"); *Silver*, 2011 WL 1321798, at *4; *Cinergy Commc'ns Co. v. SBC Commc'ns, Inc.*, No. 05-2401, 2006 WL 3192544, at *3-4 (D. Kan. Nov. 2, 2006) (requiring the defendant to serve revised expert reports rather than striking the defendant's expert designations). However, in *Morris*, 2010 WL 2501078, at *3, the discovery deadline had not yet expired. Similarly, in *Silver*, 2011 WL 1321798, at *3-5, this Court held that "providing Plaintiff the opportunity to revise and re-serve his Disclosure [was] appropriate because (1) the Court must exercise extra caution regarding the rights of pro se litigants, and (2) Defendant . . . offered no argument that the Disclosure's inadequacies were prejudicial." Here, none of the parties are proceeding *pro se*, and the discovery deadline, which was already extended once to April 30, 2013, has expired. Under the circumstances, the Court sees no reason to allow the submission of a revised Rule 26(a)(2)(C) disclosure. Therefore, the Court finds that Plaintiff's Rule 26(a)(2)(C) disclosure is deficient, and **GRANTS** the Motion [#39] in so far as it seeks to strike Plaintiff's designation of Dr. Larry Shores as an expert witness.

Because the Court has concluded that the Rule 26(a)(2)(C) disclosure does not provide an adequate summary of the facts and the opinions to which Dr. Shores will testify, his opinions may not be presented at trial, and therefore the Motion is **DENIED** to the

extent it seeks to compel Plaintiff to produce Dr. Shores for a deposition.

### III. Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#39] is **GRANTED in part** to the extent it seeks to strike Plaintiff's Designation of Dr. Larry Shores as an Expert Witness for failure to disclose a summary of the facts and opinions to which the witness is expected to testify, pursuant to Fed. R. Civ. P. 26(a)(2)(C), and **DENIED in part** to the extent it seeks to compel Plaintiff to produce Dr. Larry Shores for a deposition.

Dated: September 30, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge