IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-02197-RM-KLM

ASHLEY LINDEMAN,

Plaintiff,

v.

CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole a/k/a the MORMON CHURCH and DAVID SCOTT FRANK,

Defendant.

## CHURCH'S SUPPLEMENTAL BRIEF
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("Church") tenders this supplemental brief in Support of its Motion for Summary Judgment [ECF No. 47] ("Opening Brief") as requested by the Court during argument on May 1.

I.   ERRATA

On page 6 (paragraph 35) of the Church's Opening Brief, the Church incorrectly cited "C.R.S. § 12-14.3-30.5." The correct citation is C.R.S. §12-14.3-105.3(1)(e).

II.  DISCUSSION

During argument, the Court asked Church counsel to explain how the statutes cited in paragraph 35 of the Church's Opening Brief in Support of its Motion for Summary Judgment [i.e., C.R.S. §12-14.3-105.3; C.R.S. §12-14.5-107(a) and 15 U.S.C. §1681c(a)(2)] apply to employers that hire companies to conduct background checks.

Federal and state statutes regulate the dissemination of personal information in consumer reports. Background checks are a form of consumer reports. The federal Fair Credit Reporting Act defines "consumer report" as "any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness…*character, general reputation, personal characteristics, or mode of living* which is used…for the purpose of serving as a factor in establishing the consumer's eligibility for . . . *employment purposes*." *See* 15 U.S.C. §1681a(d)(1)(B) (emphasis added). Information that must be excluded from consumer reports includes: "[a]ny other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years." 15 U.S.C. §1681c(a)(5)

The Colorado Consumer Credit Reporting Act similarly defines "consumer report" as a report that assembles information bearing on a natural person's *"character, general reputation, personal characteristics or mode of living"* which is used or expected to be used, inter alia, for "*employment purposes*, or any other purpose authorized [by] the federal 'Fair Credit Reporting Act,' 15 U.S.C. §§ 1681a and 1681b" (emphasis added). C.R.S. §12-14.3-102(3)(a).

Colorado's statute parallels the Federal Fair Credit Reporting Act by incorporating it by reference (*supra*) and by mandating the exclusion of "records of arrest, indictment, or conviction of a crime that, from the date of disposition, release, or parole, predate the report by more than seven years." C.R.S. §12-14.3.105.3(1)(e).

Reputable employers utilize companies that are regulated by these statutes for background checks. As referenced on p. 6, paragraph 35 of the Church's Opening Brief, if a criminal background check of Mr. Frank had complied with these statutes, the record publicly available in December 2009 would not have revealed information prior to December 2002. Dr.

Park Dietz provides a March 12, 2013 example of this from an actual commercial background check. *See* Church's Brief in Opposition to Plaintiffs' Motion for Summary Judgment [ECF No. 54], Ex. H, Park Dietz, M.D. Report at 13 (March 27, 2013) [ECF No. 54-8].

III.   CONCLUSION

The Church had no heightened or duty to perform a criminal background check of a candidate to teach 40 minutes a week in the historically safe setting of the Church's Sunday School, *see Valles v. Gen-X Echo B, Inc.*, 2013 WL 5861652 (D. Colo. 2013) (Mix, Mag., recommendation), adopting recommendations 2013 WL 5832747 (D. Colo. 2013) (Moore, J.) (employer's knowledge of prior domestic violence did not trigger a duty to do a background check of candidate for store manager).  Even if it had such a duty, any information of convictions or crimes would be limited to the previous seven years).

LEWIS ROCA ROTHGERBER LLP

*L. Martin Nussbaum*
Charles Goldberg
L. Martin Nussbaum
1200 17th Street, Suite 3000
Denver, CO  80202
(303) 623-9000
cgoldberg@lrrlaw.com
mnussbaum@lrrlaw.com

*Attorneys for Defendant The Corporation of the President of the Church of Jesus Christ of Latter-day Saints*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following addresses:

Michael R. Waters, Esq.
David L. Geislinger, Esq.
JONES, WATERS, GEISLINGER & SEYMOUR, LLC
707 South Tejon, Ste. 200
Colorado Springs, CO  80903
mike@jwglawfirm.com

David S. Chipman, Esq.
CHIPMAN GLASSER LLC
Tower 1, Suite 7500
2000 South Colorado Boulevard
Denver, CO 80222
dchipman@chipmanglasser.com

*L. Martin Nussbaum*
L. Martin Nussbaum

4